**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| XIMENA RAMIREZ AVILA, | Case No.:  26cv1977 DMS BLM |
| Petitioner, | **ORDER GRANTING PETITION** |
| v. | |
| PATRICK DIVVER, Field Office Director of Enforcement and Removal Operations, San Diego Field Office, Immigration and Customs Enforcement; et al., | |
| Respondents. | |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus.  (Pet., ECF No. 1.)  Respondents filed a response, stating they do not oppose the Petition and defer to the Court on the appropriate relief.  (Resp., ECF No. 5, at 3.)  Petitioner did not file a traverse.

Petitioner entered the United States on October 25, 2023.  (Pet. 2.)  She was detained for a short period of time and then released on humanitarian parole to pursue her asylum claim.  (*Id.*)  On February 7, 2026, Petitioner was arrested and taken into immigration custody after she accidentally drove onto a military base.  (*Id.*)  She remains detained at the Otay Mesa Detention Facility.  (*Id.*)

26cv1977 DMS BLM

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A petitioner prevails in her petition for writ of habeas corpus if she shows that her custody violates the Constitution or laws of the United States. *Id.* § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). The Court finds Petitioner's detention violates the Fifth Amendment's Due Process Clause and therefore grants the Petition. When determining whether Petitioner's procedural due process rights have been violated, the Court must consider:

> [f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, Petitioner had a liberty interest—the interest in being free from imprisonment—because she was paroled at the time of her re-detention. *Munoz Materano v. Arteta*, 804 F. Supp. 3d 395, 416 (S.D.N.Y. 2025) (citation modified) (citation omitted); *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1164 (S.D. Cal. 2025) (finding the petitioner "has a private interest in remaining free, which developed over the year he resided in the United States"). This factor weighs in Petitioner's favor.

Next, there is a high risk of erroneous deprivation of this liberty interest when noncitizens are re-detained without a hearing. *See, e.g.*, *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1089 (N.D. Cal. 2025) (citing cases). Here, Petitioner was detained after she drove onto a military base. She contends she did not receive notice, proper reasoning, or a hearing prior to being re-detained. (Pet. 10.) Respondents have "insufficient information regarding termination" of Petitioner's parole. (Resp. 5.) Thus, the Corut accepts Petitioner's allegations as true. Because Petitioner was re-detained without process, the second factor weighs in favor of Petitioner.

On the third factor, "[t]he government may have a 'strong interest' in detaining noncitizens during the pendency of removal proceedings as needed to protect the public from dangerous criminal aliens, or to prevent flight and thereby increase the chance that the aliens will be successfully removed." *Pablo Sequen*, 806 F. Supp. 3d at 1090 (citation modified) (citation omitted).   However, when the Government previously decided to release a noncitizen, and there is no evidence of any changed circumstance that might have caused the Government to reconsider that decision, its interest in re-detention is low.  *Doe v. Chestnut*, No. 25-cv-01372, 2025 WL 3295154, at *10 (E.D. Cal. Nov. 26, 2025) (citations omitted).   Here, there is no evidence of any changed circumstance that would justify the Government's decision to detain Petitioner after paroling her.   Thus, this factor also weighs in Petitioner's favor.   Applying the *Mathews* balancing test, the Court finds that Petitioner's detention violates her due process rights and **GRANTS** the Petition.

Respondents shall release Petitioner within **24 hours**.   Respondents shall not re-detain Petitioner during the pendency of her removal proceedings (until a final order of removal is issued) without first providing a bond hearing before a neutral decisionmaker at which Respondents must prove that changed circumstances related to flight risk or danger warrant Petitioner's re-detention.   Respondents are further **ORDERED** to file a Status Report within **seven (7) days** of the entry of this Order, confirming Petitioner has been released.

**IT IS SO ORDERED.**

Dated:  April 28, 2026

Hon. Dana M. Sabraw
United States District Judge

3